IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 14-CR-10165-EFM-1

EARNEST BLAND,

    *Defendant.*

**MEMORANDUM AND ORDER**

In March 2015, Petitioner Earnest Bland ("Petitioner") pled guilty, pursuant to a Rule 11(c)(1)(C) Plea Agreement, to one count of distribution of child pornography. The Court sentenced Petitioner to 130 months imprisonment followed by ten years of supervised release. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 33). In this motion, Petitioner contends that he received ineffective assistance of counsel. As will be explained below, the Court denies Petitioner's § 2255 claim and denies the motion without an evidentiary hearing.

**I.    Factual and Procedural Background**

The facts surrounding Petitioner's judgment of conviction are as follows. On September 16, 2014, Petitioner was indicted on three counts relating to child pornography distribution and possession. On October 29, 2014, Petitioner made his first appearance and requested

-2-

appointment of counsel. On March 2, 2015, Petitioner appeared before the Court, represented by counsel, and entered into a Rule 11(c)(1)(C) Plea Agreement. He pled guilty to Count 2 of the Indictment, distribution of child pornography, admitting that he shared child pornographic files.

On June 5, 2015, the Court sentenced Petitioner to 130 months of imprisonment followed by ten years of supervised release. On June 13, 2016, Petitioner filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. In his motion, Petitioner argues that his conviction should be set aside because he received ineffective assistance of counsel. As discussed below, based on a review of the record, the Court finds Petitioner's assertions of error to be without merit.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

### III.     Analysis

Petitioner asserts an ineffective assistance of counsel claim and claims that his counsel failed to adequately discuss the plea agreement with him and that his counsel failed to file a notice of appeal. In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[4] Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[5] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[6] This standard is "highly demanding."[7] Strategic or

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id.* at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] 466 U.S. 668 (1984).

[5] *Id.* at 687-88.

[6] *Id.* at 690.

tactical decisions on the part of counsel are presumed correct, unless they were " 'completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy.' "[8] The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[9] "[E]very effort should be made 'to eliminate the distorting effects of hindsight.' "[10]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[12] This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[13] In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[14] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

---

[7] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[8] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459).

[9] *See Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996).

[10] *Id*. at 1114 (quoting *Strickland*, 466 U.S. at 689).

[11] *Strickland*, 466 U.S. at 694.

[12] *Id*.

[13] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[14] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

judgment."[15] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[16]

Petitioner claims that his counsel failed to adequately discuss the plea agreement with him and that his counsel told him that by accepting the plea agreement, he would receive no more than ten years imprisonment. Petitioner states that had he known that he could have been sentenced to more than ten years in prison, he would not have accepted the plea agreement. A review of the record contradicts Petitioner's assertion and demonstrates that Petitioner's plea was knowingly and voluntarily made.

During the plea colloquy, the Court engaged Petitioner in a lengthy discussion about the specific details and ramifications of his plea, as well as his knowledge of the promises contained in the plea agreement, and Petitioner's willingness to enter into the plea agreement. The Court specifically discussed the length of sentence and said that the agreement reached by Petitioner and the government called for "a sentence of 130 months in prison provided in Count 2, that's ten years and ten months, to be followed by another ten years of supervised release." When Petitioner was asked if that was the agreement reached, Petitioner responded with "Yes, sir." The Court asked Petitioner if he understood that if the Court accepted the agreement, Petitioner would be bound by the agreement and the sentence and that he would not be allowed to change his mind later. Petitioner stated that he understood. The Court asked if any other promises, other than the ones in the plea agreement, had been made to persuade Petitioner to enter the plea agreement. Petitioner responded "No, sir." Finally, the Court specifically asked Petitioner

---

[15] *Strickland*, 466 U.S. at 690.

[16] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

whether his plea of guilty was freely, knowingly, and voluntarily made to which Petitioner responded with a "Yes, sir."

In addition, Petitioner signed the Petition to Enter Plea of Guilty in which he confirmed the following:

> I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.

Based on the above evidence, the record demonstrates that Petitioner's plea was knowingly and voluntarily made with a complete understanding of its consequences. Thus, Petitioner's claim that his counsel was ineffective for failing to adequately discuss the plea agreement fails.

Petitioner next asserts that his counsel was ineffective because he failed to file a notice of appeal objecting to Petitioner's sentence. Petitioner entered into a Rule 11(c)(1)(C) Plea Agreement. The Tenth Circuit has held that when a petitioner waives his right to bring a post-conviction collateral attack in a plea agreement and later brings a § 2255 petition alleging counsel's failure to file an appeal as instructed, the court must determine: "(1) whether the disputed [claim] falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[17]

Petitioner's plea agreement specifically states that Petitioner

---

[17] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)) (internal quotation marks omitted).

> knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed, but by entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).

In addition, during the plea colloquy, the Court specifically asked Petitioner if he understood that he was giving up all of his appeal rights by entering into the plea agreement. Petitioner agreed that he understood. Here, Petitioner voluntarily waived his right to appeal the length of his sentence.

Petitioner now claims that his counsel was ineffective because he asked his counsel to appeal because Petitioner "was alarmed at sentencing for receiving a sentence above the ten year maximum promised by [his counsel]." As noted above, the record is clear that the Court specifically informed Petitioner that he was agreeing to a 130-month sentence during the plea colloquy and in his signed plea agreement. Petitioner's argument cannot reasonably be construed as an argument that his counsel's alleged deficiencies made Petitioner's plea unintelligent or involuntary. The Court finds that Petitioner's claim falls within the scope of the waiver, Petitioner knowingly and voluntarily waived his appellate rights, and enforcing the waiver will not result in a miscarriage of justice. Thus, Petitioner cannot establish that his counsel's performance was deficient or prejudicial.

An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record. Petitioner does not provide the Court with a basis for vacating his sentence. Accordingly, Petitioner's § 2255 motion is without merit and is denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[18] A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[19] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 33) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 31st day of October, 2016.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[18] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* 28 U.S.C. § 2253(c)(1).

[19] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).